12-887-cr
United States v. Dhafir

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand thirteen.

PRESENT: DENNIS JACOBS,
　　　　　　　　　　Chief Judge,
　　　　　AMALYA L. KEARSE,
　　　　　SUSAN L. CARNEY,
　　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
　　　　Appellee,

　　　-v.-　　　　　　　　　　　　　　　12-887-cr

RAFIL DHAFIR, AKA Sealed Deft # 1,
　　　　Defendant-Appellant,

Maher Zagha, AKA Sealed Deft # 2,
Ayman Jarwan, AKA Sealed Deft # 3,
Osameh Al Wahaidy, AKA Sealed Deft
# 4, Help the Needy, AKA Sealed Deft
# 5, Help the Needy Endowment, Inc.,
AKA Sealed Deft # 6,
　　　　Defendants.
- - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**                    PETER GOLDBERGER (Pamela A. Wilk, on the brief), Ardmore, Pennsylvania.

**FOR APPELLEE:**                     MICHAEL C. OLMSTED (Stephen C. Green, on the brief), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Rafil Dhafir appeals from the judgment of the United States District Court for the Northern District of New York (Mordue, J.), reconsidering the incarceration portion of his sentence pursuant to our prior opinion in United States v. Dhafir, 577 F.3d 411 (2d Cir. 2009), and re-sentencing Dhafir to 264 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dhafir argues that the district court erred by using Section 2S1.1(a)(2) of the United States Sentencing Guidelines in the re-sentencing. Our prior opinion directed the district court to "consider whether a different sentence would result from the application of th[e] more flexible approach" suggested in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), in which, after determining that "'either of two Guidelines ranges, whether or not adjacent, is applicable, . . . the sentencing judge, having complied with section 3553(a), makes a decision to impose a non-Guidelines sentence, regardless of which of the two ranges applies.'" Dhafir, 577 F.3d at 415 (quoting Crosby, 397 F.3d at 112). The district court did precisely as our prior decision in Dhafir instructed: It explicitly considered the Crosby approach. After determining that the Crosby approach would not result in a different sentence, the district court re-sentenced Dhafir to 264 months. In any event, the district

court found in the alternative that if Section 2S1.1(a)(1) applied, the same sentence would have been imposed, given the seriousness of Dhafir's offense and other factors under 18 U.S.C. § 3553(a).

For the foregoing reasons, and finding no merit in Dhafir's other arguments, we hereby **AFFIRM** the judgment of the district court.

<div style="margin-left:40%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>